IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HEATHER ROBERTSON,
Individually and as the personal
Representative of Jon Robertson,
deceased,

      Plaintiff,

v.                                                         Case No.: 3:16-cv-04242

THE CINCINNATI INSURANCE
COMPANY,

      Defendant.

**MEMORANDUM OPINION and ORDER**

Pending is Plaintiff's Motion for an Order Compelling Discovery. (ECF No. 41). Defendant has filed a memorandum in opposition to the motion, and Plaintiff has filed a reply brief. (ECF Nos. 45, 46, 47, 48). Therefore, the matter is fully briefed, and oral argument is not necessary to resolve the issues in dispute. For the reasons that follow, the court **GRANTS, in part**, and **DENIES, in part,** the motion to compel.

Plaintiff, Heather Robertson, alleges that Defendant, The Cincinnati Insurance Company ("TCIC"), is liable for breach of insurance contract, violations of the West Virginia Unfair Trade Practices Act, common law bad faith, and breach of reasonable expectations related to a life insurance policy covering the decedent, Jon Robertson. On January 20, 2017, Plaintiff served TCIC with interrogatories and requests for the production of documents. TCIC answered the discovery requests; however, Plaintiff was not satisfied with all of the responses. The parties exchanged correspondence regarding

1

the alleged deficiencies and managed to resolve some, but not all, of their differences. Plaintiff then filed the instant motion to compel. After the motion was filed, the parties continued to confer and narrow the issues in dispute. Currently at issue are TCIC's answers to Interrogatory No. 16, and Requests for the Production of Documents Nos. 13, 17, 23, 24, 26, and 27.

### *Interrogatory No. 16*

Interrogatory No. 16 asks TCIC to "identify and describe the procedure used by Defendant with respect to any information it obtained from MIB, Inc. with respect to applicant." (ECF No. 41-1 at 7). TCIC responded: "The information obtained from the MIB is reviewed as part of the underwriting process." (ECF No. 41-3 at 6). Plaintiff argues that this response is inadequate, because it fails to describe the procedure used. (ECF No. 42 at 4). According to Plaintiff, "it is illogical to thing [sic] that Cincinnati Life requires its underwriters to obtain information from MIB, Inc., but that it provides no guidance on the procedure used to review the information obtained." (ECF No. 48 at 4). TCIC contends that the procedure "is a simple one of which no further explanation can be made." (ECF No. 46 at 3).

While TCIC's answer to the interrogatory may be correct and complete as written, if there was any other guidance or instruction provided by TCIC to its underwriter regarding how to handle, use, and store information about Jon Robertson provided by MIB, Inc., Plaintiff is entitled to discover the nature of that guidance or instruction. Therefore, to the extent such guidance or instruction was given, TCIC shall supplement its response in **ten (10) days** of the date of this Order and provide that information. If there was no other guidance or instruction provided, then TCIC shall supplement its response and indicate so.

***Request Nos. 13 and 17 (financial information)***

Plaintiff seeks production of TCIC's financial statements, profit and loss statements, and federal income tax returns for the years of 2012 through 2016. Plaintiff alleges that this information is relevant to her claim for punitive damages. (ECF No. 42 at 11-12). TCIC objects, arguing that the requests are premature given that Plaintiff has not demonstrated a viable claim for punitive damages. (ECF No. 46 at 11). In reply, Plaintiff asserts that she has provided TCIC with multiple affidavits, which establish that TCIC failed to conduct a fair evaluation of her claim. (ECF No. 48 at 5-6). Therefore, she believes she has met her burden and, thus, is entitled to TCIC's financial information.

This Court has previously held that a plaintiff must "make a prima facie claim for punitive damages before being entitled to discovery of a defendant's financial records. To make a prima facie claim for punitive damages ... a plaintiff must produce some factual evidence in support of her claim." *Robinson v. Quicken Loans Inc.*, No. CIV.A. 3:12-0981, 2013 WL 1704839, at *4 (S.D. W. Va. Apr. 19, 2013). Surviving a motion for summary judgment, or filing a motion to compel "that includes sufficient supporting evidence (*i.e.,* affidavits, documentary evidence) to demonstrate a viable claim for punitive damages" are two avenues by which Plaintiff may make such a showing in this case. *Id.* at n. 3. Plaintiff has not survived a summary judgment motion on punitive damages, because no such motion has been filed and is not due to be filed until October. Moreover, Plaintiff supplied no evidence with her motion to compel to demonstrate to the court a viable punitive damages claim. Accordingly, as Plaintiff has not made a sufficient factual showing to justify an order compelling production of TCIC's financial records, her motion to compel Requests for Production of Documents Nos. 13 and 17 is **DENIED** as premature.

### Request Nos. 23, 24, 26 and 27 (insurance department and bad faith complaints; audits and market conduct examinations)

Plaintiff requests (1) all insurance department complaints against TCIC within the last 10 years; (2) a list of all bad faith complaints filed against TCIC in the last 10 years; (3) all documents relating to reviews and audits of TCIC's claims handling in the last five years; and (4) all documents relating to market conduct examinations made in the last five years. TCIC indicates that it provided Plaintiff with responses pertaining to the State of West Virginia, but objects to further production on the basis that the requests are not geographically limited to West Virginia and, consequently, are overly broad and burdensome. Plaintiff asserts, to the contrary, that TCIC likely has all of this information electronically stored, and the requested reports can be generated "with a few keystrokes." (ECF No. 48 at 8-9).

At the outset, the undersigned notes that TCIC has not provided any evidentiary support for its claim of burdensomeness. Conclusory and unsubstantiated allegations are simply insufficient to support an objection based on the grounds of annoyance, burdensomeness, oppression, or expense. *Convertino v. United States Department of Justice,* 565 F. Supp.2d 10, 14 (D.D.C. 2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.,* 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.,* 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party objecting on these grounds

must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome").

Nevertheless, the undersigned agrees with TCIC regarding the overly broad nature of three of the requests. Rule 26(b)(1) outlines the scope of discovery:

> [U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Accordingly, to be discoverable, information must be nonprivileged, relevant, and proportional to the needs of the case. From a proportionality standpoint, a request for **all** insurance department complaints filed against TCIC in **all** 49 states in which it does business, regarding **all** types of matters, is simply too broad-based to constitute discovery focused on the claims and defenses in this case. Undoubtedly, much of the information that would be received in response to such a request would be entirely irrelevant to Plaintiff's situation. If Plaintiff truly searches for similar claims to show "other instances of misconduct" and to demonstrate a "pattern and practice," (ECF No. 42), then the request should be tailored to the facts of this case. For the same reason, Plaintiff's request for claims handling reviews and audits for each individual, unit, office, and region, as well as her request for all documents related to all market conduct examinations conducted in all 49 states, are facially disproportionate to the needs of the instant action. Therefore, Plaintiff's motion to compel answers to Requests for Production Nos. 23, 26, and 27 is

**DENIED**.

On the other hand, with respect to the request for information regarding "bad faith" lawsuits, providing a list of similar suits should not be particularly onerous, and the resulting information should be more informative than generic insurance department complaints. Plaintiff asks for a list of the cases filed against TCIC in the last ten years, including style, jurisdiction, and disposition. That request seeks relevant information and is not disproportionate to the case. Furthermore, TCIC offers no factual basis upon which the court can conclude that collecting the information would be burdensome. Therefore, Plaintiff's motion to compel Request for Production of Documents No. 24 is **GRANTED**. Within **ten (10) days** of the date of this Order, TCIC is **ORDERED** to supply Plaintiff with a list of all bad faith lawsuits filed against it during the last ten (10) years, which involve an allegation that TCIC wrongfully denied a claim for life insurance benefits on the ground of material misrepresentation by the applicant. Plaintiff is granted leave to re-assert her motion to compel additional responsive information pertinent to these requests should the information produced by TCIC Mutual provide a factual ground justifying a broader search.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** April 18, 2017

Cheryl A. Eifert
United States Magistrate Judge