IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**HEATHER ROBERTSON,**
**Individually and as the personal**
**Representative of Jon Robertson,**
**deceased,**

    **Plaintiff,**

v.                                              Case No.: 3:16-cv-04242

**THE CINCINNATI INSURANCE**
**COMPANY,**

    **Defendant.**

## ORDER

Pending is Plaintiff's Motion for Order Compelling Discovery. (ECF No. 68). The issues in dispute have been fully briefed, and oral argument is unnecessary. For the reasons that follow, the undersigned **GRANTS** the motion to compel. Defendant is **ORDERED** to produce within **fourteen days** any portions of manuals, policy statements, or other such documents in its possession, regardless of whether or not they were developed by an outside company (such as a reinsurer), regarding the treatment/consideration of "chest pain" in underwriting a life insurance policy.

Defendant offers four arguments for withholding these documents. First, Defendant contends that Plaintiff did not properly request documents created by reinsurers. The undersigned disagrees. The request for production of documents submitted by Plaintiff broadly asked for any such underwriting materials. While Plaintiff did not specify that she wanted documents developed by reinsurers, the request naturally

1

includes all responsive documents in Defendant's possession, regardless of their originating source.

Second, Defendant argues that documents created by reinsurers are irrelevant in this case, because the insurance policy issued on the life of Plaintiff's decedent was not reinsured. However, as Plaintiff points out, the policies and procedures of other insurance companies may lead to the admissibility of evidence regarding industry standards and, thus, the appropriateness of Defendant's actions in this case. Relevancy is a broad concept in federal court discovery. The ultimate admissibility of reinsurer materials is an issue separate from their discoverability.

Next, Defendant asserts that underwriting manuals created by other companies are proprietary; consequently, Defendant is not authorized to disclose them. Defendant offers no evidentiary support for that statement; such as, a contract or other agreement between Defendant and the reinsurers prohibiting disclosure of policies and manuals. Indeed, the information before the Court suggests that the reinsurers freely disseminate their underwriting policies to associated insurers, such as Defendant. Accordingly, this argument is not persuasive. In any event, as Plaintiff agrees to accept the documents subject to a protective order, Defendant's concerns about the proprietary nature of the policies and manuals should be alleviated.

Finally, Defendant claims that the wholesale production of policies and manuals is overly broad, unduly burdensome, and not proportional to the needs of the case. Defendant fails to supply factual information necessary to establish its burdensomeness objection; however, the undersigned agrees that requiring Defendant to produce all policies and all manuals is not proportional to the needs of the case. Plaintiff acknowledges the merit of Defendant's proportionality argument in her reply and agrees

to limit her request to the policies and portions of manuals and other such documents discussing "chest pain" in the context of underwriting a life insurance policy. As such a limitation reasonably addresses the proportionality issue, the undersigned grants the motion to compel as modified.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** November 6, 2017

Cheryl A. Eifert
United States Magistrate Judge